## IN THE MATTER OF WILLIAM M. ROSENBLATT, AN ATTORNEY AT LAW.

Argued May 9, 1972—Decided June 5, 1972.

*Mr. Robert S. Lewis* argued the cause for Camden County Ethics Committee.

*Mr. Waller T. Wolf* argued the cause for respondent (*Messrs. Farr, Reifsteck, Wolf and Crabtree,* attorneys; *Mr. Wolf,* on the brief).

PER CURIAM. Two presentments finding respondent guilty of unethical conduct have been filed by the Camden County Ethics Committee. Each involves the same pattern of behavior, occurring about two years apart.

The facts are not in dispute. Respondent was retained in each instance, under contingent fee arrangements, to prosecute claims arising out of automobile accidents. One case was directly for the injured party, the other was a wrongful death action. Timely suits were started in both instances and interrogatories served by counsel for the defendants. The clients were difficult. Among other things, according to respondent, the plaintiff in the death case insisted that the demise many months later resulted from the accident and the plaintiff in the other suit asserted that serious subsequent medical difficulties were attributable to the mishap, without any vestige of supporting evidence. In addition evidence of liability in the death case was extremely weak and proof of pecuniary loss to next of kin practically non-existent. All of this resulted in considerable unpleasantness between lawyer and clients. This feeling clearly called for respondent to withdraw from the cases.

Instead of doing that, he simply put them out of his mind. In the death case, he failed to furnish further answers to interrogatories ordered by the court and as a result the action was ultimately dismissed. In the other suit, he did not furnish answers to the original interrogatories[1] and that suit suffered the same fate. This course of action in both instances was not merely negligent but rather deliberate. Under the circumstances it amounted to unethical conduct.

Respondent did not advise his clients of the dismissals, but purposefully ignored and failed to respond to their telephone and letter communications inquiring as to the status of the matters. When the clients sought other counsel after months and months of this treatment, it was too late to rein-

---

[1]The Committee in its presentment in this case calls our attention to the fact that the client had signed and certified to the form for answers to interrogatories in blank. This phase of the matter was not included in the charges filed against respondent and was therefore not included in the findings of unethical conduct. We do not consider it either. It should be observed, however, that such conduct is highly reprehensible and distinctly unethical.

state the cases and the statute of limitations had run. Informal complaints to the Ethics Committee followed and respondent completely ignored the Committee's requests for information until formal complaints were filed and served upon him. Ultimately malpractice claims by the clients against respondent were settled by substantial dollar payments, in the one instance by his insurance carrier, and in the other, which occurred during a period when he had no coverage, by respondent personally.[2]

Respondent sought to excuse his misconduct by claiming that he suffered a psychological block with respect to the two cases which prevented him from performing as he should have. This is no satisfactory excuse. Indeed, it is the antithesis of the professional responsibility required of every lawyer no matter how difficult or unpleasant the circumstances may be. It is obvious that the Committee's finding of unethical conduct based on respondent's behavior throughout the course of the two cases is the only finding that could possibly be made. It is as improper for a lawyer to deliberately refuse to inform a client of the status of his matter as it is to affirmatively misrepresent that status.

The question of the extent of discipline to be imposed has caused us a great deal of concern. The derelictions are serious and closely related to fitness to practice law. Respondent was, however, quite a young lawyer when they occurred and the Committee informs us that today he bears a good reputation among the bar and in the community, including performance in his present position as Municipal Court Judge of the City of Camden. And the clients have

---

[2] In the latter instance, respondent sought to secure a withdrawal of the ethics complaint and the client actually executed a document requesting withdrawal. The Committee asked for the instructions of this court. It was advised, in accordance with settled policy, that complaints of ethical violations, once made, informally or formally, to an ethics committee may not be withdrawn and the investigation and disposition thereof terminated merely by the request of the original complaining party.

received substantial sums, perhaps more than the cases would have produced had they been prosecuted to a conclusion. We consequently feel that we should give respondent the benefit of the doubt as to whether this type of conduct or any other unethical behavior will recur, with the warning that any future infractions will be dealt with severely.

The judgment therefore is that respondent should be and he hereby is reprimanded.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.